155 So.2d 368 (1963)
Donald DELMONICO, Appellant,
v.
STATE of Florida, Appellee.
Harry M. McCABE, Appellant,
v.
STATE of Florida, Appellee.
Nos. 31764, 31764-A.
Supreme Court of Florida.
June 26, 1963.
*369 Robert E. Brandt, Miami, for appellants.
Richard W. Ervin, Atty. Gen., and James G. Mahorner, Asst. Atty. Gen., for appellee.
DREW, Justice.
Petition for rehearing in this cause brings to light a circumstance not heretofore made known in either the trial or appellate consideration of this proceeding, the fact of compliance with the constitutional requirements for local legislation, Section 21 of Article III, Florida Constitution, F.S.A., in the enactment of the statute here involved, Chapter 57-303, Laws of Florida, included in and designated as one of the General Acts of 1957. While the initial presentation of such matter on rehearing is clearly improper under the rules,[1] and involves in this case the defense of the statute on a theory not argued below or in briefs here, we deem it advisable in the situation at bar to withdraw the former opinion predicated on lack of published notice or referendum and to treat the remaining issues upon which the appeals were prosecuted.
These appeals were taken from judgments of conviction entered in the Criminal Court of Record in and for Monroe County and, upon motion, transferred from the District Court of Appeal, Third District, to this Court and consolidated for disposition as appeals from final judgments of a trial court directly passing upon the validity of a statute.[2]
The appellants, defendants below, were arrested by an agent of the Florida State Board of Conservation on September 26, 1961, in Monroe County, Florida, and charged with possession of spearfishing equipment under F.S. Section 370.172(3), F.S.A.,[3] enacted as Chapter 57-303, supra. Upon trial before the court, a jury being waived, defendants were found guilty and penalty imposed under the statute.
Among the several grounds urged for reversal is alleged error in denial of a motion for directed verdict based on constitutional invalidity of the subject statute on several grounds. Fundamental to much of appellants' argument is the contention that the particular section of the statute here involved, the prohibition within the specified area of the "possession of any spearfishing equipment used for spearfishing,"[4] is improper because it fails to require proof of the intent essential to any crime such as a showing that the equipment was possessed with an intent to put it to unlawful use. Instead the law penalizes the mere possession of equipment which in itself is wholly innocent and virtually indispensable *370 to the enjoyment of the presently lawful and unrestricted right of appellants in common with the public at large to engage in spearfishing in waters on all sides of the area covered by the statute. There are presented certain obvious and, as a practical matter, insoluble problems for those who may of necessity traverse this portion of the coastal waters of Monroe County en route to or in the course of fishing from boats in adjacent areas.
In order to meet constitutional limitations on police regulation, this prohibition, i.e. against possession of objects having a common and widespread lawful use, must under our previous decisions be reasonably "required as incidental to the accomplishment of the primary purpose of the Act."[5] There is little doubt that the penalty against possession of such equipment will simplify the problem of enforcing the primary prohibition against spearfishing in the area covered by the statute. Expediency, however, is not the test, and we conclude that convenience of enforcement does not warrant the broad restriction imposed by Sec. 370.172(3).
The record is conclusive that appellants in this case were not charged with any unlawful acts, conduct, or use of the equipment in question other than having same in their possession, and the distinction between this offense and the primary proscription of the act, against spearfishing within the closed area, is not merely one of degree.[6] However legitimate may be the objective sought or public interest protected, interference with private rights must be justified as a necessary means of accomplishing that objective.[7] Recognizing the lack of any judicial prerogative to prescribe the means by which proper legislative ends shall be accomplished, the principle cited nevertheless requires that the provision in question be measured against practical experience to determine whether it is in fact essential or reasonably necessary in order to achieve the statutory objective. In this case we think it is clear from the nature of the activity prohibited, i.e. spearfishing, that it is neither inherently clandestine nor, as may be the case with use of nets or seines, impossible to prove by visible evidence on the fish taken. When there exist other methods by which violations can be detected, halted and penalized, then the confiscation of equipment or outlawing its possession goes beyond the bounds of "such reasonable interferences with the liberty of action of individuals as [is] really necessary to preserve and protect" the public interest.[8]
There is also merit, in our opinion, to the appellants' contention that this portion of the statute is beyond the scope[9] of the title to Chapter 57-303,[10] which indicates *371 its content and purpose as only "to prohibit spearfishing" in the specified areas. The title contains no indication whatever that mere possession of spearfishing equipment within the area affected will submit one to penalty[11] to the same extent as that imposed for violation of the primary prohibition of the act against taking fish by spear or gig. Our disposition of this appeal, however, is predicated on the ground above discussed, the invalidity of sub-section (3) of the statute under which appellants were prosecuted for lack of reasonable necessity for such prohibition as incidental to the primary purpose of the act under the circumstances. Absent this provision, the title adequately reflects the content of the act and this constitutional objection may therefore be regarded as immaterial. Other issues raised, including the propriety of the territorial division of waters within the county for this regulatory purpose, together with points of trial procedure assigned as error, need not under the circumstances be treated.
We are fully cognizant of the duty of the courts to uphold the validity of actions of the legislative branch of government in all instances where that result can lawfully be reached. On the other hand, the process by which courts have in the past and must in the future exercise this power is one of enforcing the paramount law  the will of the people expressed in their Constitution. Our task is to determine whether, in the enactment of the law, the constitutional restraints have been disregarded. If so, the act must then fall. Such is the case here.
The judgment of conviction is reversed.
O'CONNELL and HOBSON (Ret.), JJ., and WALKER, Circuit Judge, concur.
TERRELL, Acting C.J., and THOMAS and THORNAL, JJ., dissent.
NOTES
[1] F.A.R. 3.14(b), 31 F.S.A.
[2] Art. V, Sec. 4, Fla. Const.
[3] "(3) The use or possession of any spearfishing equipment used for spearfishing is prohibited on the surface of and under the waters in the area in Monroe county set forth in this section [said area shall include all salt waters under the jurisdiction of the state board of conservation beginning at the county line between Dade and Monroe Counties and running south, including all of the keys down to and including Long Key]. * * *

"(5) Any person violating this section shall upon conviction be fined not less than $100, not more than $500 or imprisoned for not less than 90 days nor more than 6 months, for each offense."
[4] The word "used" in the statute is probably employed to mean "adaptable to use" or designed to be used for spearfishing. The language could refer to spearfishing equipment which had been theretofore actually used for such purpose. At best the language is ambiguous and of doubtful propriety as a restraint on the possession of such equipment under the police power generally, an issue not specifically raised in this proceeding. Locklin v. Pridgeon, 158 Fla. 737, 30 So.2d 102; Irvin v. State, 52 Fla. 51, 41 So. 785. See also State v. Hefflin, 1935, 338 Mo. 236, 89 S.W.2d 938, 103 A.L.R. 1301, 1311, and Parkes v. Bartless, Judge of Recorder's Court, 236 Mich. 460, 210 N.W. 492, 47 A.L.R. 1128, 1134, for the problem of criminal intent in connection with penalties for possession of property not criminal per se.
[5] Caldwell v. Mann, 157 Fla. 633, 26 So.2d 788, 790; L. Maxcy, Inc. v. Mayo, 103 Fla. 552, 139 So. 121, 129.
[6] 6 Fla.Jur.Const.Law, Sec. 164, 183.
[7] "* * * This means that the interference with or sacrifice of the private rights must be necessary, i.e. must be essential, to the reasonable accomplishment of the desired goal. Such interference or sacrifice of private rights can never be justified nor sanctioned merely to make it more convenient or easier for the State to achieve the desired end. This is so because one, if not the principal, reason for the existence of a democratic form of government is to guarantee to the individual freedom of action in those pursuits which do not harm his neighbors. If there is a choice of ways in which government can reasonably attain a valid goal necessary to the public interest, it must elect that course which will infringe the least on the rights of the individual."

State v. Leone, Fla. 1960, 118 So.2d 781, 784.
[8] Florida Citrus Comm. v. Golden Gift, Inc., Fla. 1956, 91 So.2d 657, 660; Eelbeck Milling Co. v. Mayo, Fla. 1956, 86 So.2d 438.
[9] Section 16, Article III, Florida Constitution.
[10] "AN ACT relating to the state board of conservation; amending Chapter 370, Florida Statutes, by creating and adding thereto Section 370.172, to prohibit spearfishing in salt waters lying in and adjacent to certain portions of Monroe County; prescribing penalty for violation and fixing an effective date."
[11] Invalidation of penal provisions in such statutes as that at bar, under Section 20, Article III, Fla. Const. prohibiting local laws "for the punishment of crime or misdemeanor," would not under our decisions prevent imposition of a penalty prescribed by valid general law for such offenses. Douglas v. Smith, 66 Fla. 460, 63 So. 844; Harper v. Galloway, 58 Fla. 255, 51 So. 226, 26 L.R.A.,N.S., 794. Cf. Snowden v. Brown, 60 Fla. 212, 53 So. 548. F.S. Sec. 775.07, F.S.A.