393 So.2d 1076 (1980)
B.W. ROBINSON, Appellant,
v.
STATE of Florida, Appellee.
No. 58232.
Supreme Court of Florida.
December 18, 1980.
Rehearing Denied March 2, 1981.
Bruce S. Rogow, Fort Lauderdale, and Joel Lumer, Miami, Fla., A.C.L.U. Foundation of Florida, for appellant.
Jim Smith, Atty. Gen., and David P. Gauldin, Asst. Atty. Gen., Tallahassee, for appellee.
BOYD, Justice.
This cause is before the Court on appeal from a judgment of the County Court, Escambia County, which passed upon the constitutionality of a state law. Appellant filed his notice of appeal on December 5, 1979. We have jurisdiction. Art. V, § 3(b)(1), Fla. Const. (1972).
Appellant was charged with violating section 876.13, Florida Statutes (1977). That section provides:
No person or persons shall in this state, while wearing any mask, hood, or device whereby any portion of the face is so hidden, concealed, or covered as to conceal the identity of the wearer, enter upon, or be, or appear upon or within the public property of any municipality or county of the state.
Appellant challenged the constitutionality of the statute in a motion to dismiss. After the court denied the motion, the appellant *1077 entered a plea of nolo contendere, preserving his right to appeal the denial of the motion.
Appellant contends that the statute deprives him of due process of law, denies equal protection, and infringes the rights of freedom of expression, freedom of association, and privacy. We agree that the statute deprives him of due process because it is overbroad, and decline to comment on the other arguments.
Without speculating on whether the statute is intended to apply to any core activities which the legislature has an interest in preventing, we find that this law is susceptible of application to entirely innocent activities. It is susceptible of being applied so as to create prohibitions that completely lack any rational basis. The exceptions provided by section 876.16, Florida Statutes (1977), are not sufficient to cure this fatal overbreadth.
The state points out rational bases which the statute serves and asks that we provide a limiting construction, restricting the law's application to conduct the state may prohibit. We find, however, that although the law is overbroad in its sweep and lacks a rational basis, its language is very specific. The statutory words are not susceptible of any limiting construction. See Brown v. State, 358 So.2d 16 (Fla. 1978); State v. Egan, 287 So.2d 1 (Fla. 1973); Fine v. Moran, 74 Fla. 417, 77 So. 533 (1917).
The judgment of conviction is reversed and the cause remanded to the County Court of Escambia County with directions that the information be dismissed.
It is so ordered.
SUNDBERG, C.J., and ADKINS, OVERTON, ENGLAND and McDONALD, JJ., concur.
ALDERMAN, J., dissents.