WIGGINTON, Judge.
Appellant, a parent, appeals his conviction, after jury trial, of battery upon a school board employee in violation of section 231.06, Florida Statutes (1985). He challenges the constitutionality of that statute on the ground that the division of people for sentencing purposes into two classes (those subject to the discipline of the school and those who are not) violates the equal protection clause and is void for vagueness.[1] Significant to this issue is the *157 fact that a section 784.03 battery constitutes a misdemeanor of the first degree calling for incarceration of not more than one year, while the section 231.06 battery is enhanced to a felony of the third degree carrying a penalty of incarceration up to five years. We affirm.
Section 231.06 was enacted under the state’s “police power,” which derives from the state’s sovereign right to enact laws for the protection of its citizens. Such power, however, is not boundless and is confined to those acts which may be reasonably construed as expedient for protection of the public health, safety, welfare or morals. State v. Saiez, 489 So.2d 1125 (Fla.1986).
The obvious purpose of the statute is to maintain and protect the integrity of the school setting and the standing of teachers as role models. Moreover, it also protects school employees against physical attacks primarily from outsiders, which in turn insulates the state’s school children from violence and deters outsiders from disrupting the educational process. These legislative aims are legitimate state interests and the statute’s effect is a reasonably related means to achieve its intended end. Thus, we do not find that an elite class has been established; neither do we find the statute to be vague. Its prohibition is clear and unambiguous. Saiez.
We find section 231.06 to be constitutional.
AFFIRMED.
WENTWORTH and NIMMONS, JJ., concur.

. 231.06 Assault or battery upon district school board employee; penalties. — Whenever any parent or other person not subject to the discipline of the school commits an assault or battery upon any person employed in any capacity by a district school board and the employee is on school property or is away from school property on official school business, the offense for which the person is charged shall be classified:
*157 (1) In the case of an assault, as a misdemean- or of the first degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
(2) In the case of a battery, as a felony of the third degree, punishable as provided in s. 775.-082, s. 775.083, or s. 775.084.