573 So.2d 121 (1991)
IN the Interest of T.C., a Child.
No. 89-2229.
District Court of Appeal of Florida, Fourth District.
January 9, 1991.
*122 Richard L. Jorandby, Public Defender and Joseph S. Schook, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and John Tiedemann, Asst. Atty. Gen., West Palm Beach, for appellee.
WARNER, Judge.
This appeal from a violation of section 790.165(1), Florida Statutes (1980) titled "Planting of a `Hoax Bomb' Prohibited" challenges both the sufficiency of the evidence to support the conviction for possession and the constitutionality of the statute itself. We address the constitutionality of the statute. Appellant claims that the statute is unconstitutionally void for vagueness and violative of due process. Properly interpreted we find the statute to be constitutional. However, because the trial court relied on an erroneous reading of the statute, we reverse and remand for a new trial.
Appellant, a minor, was arrested for violating section 790.165(1), Florida Statutes (1980) after an officer discovered a three inch long brass pipe with one brass cap and one plastic cap in appellant's automobile. There were two taped bundles of firecrackers found in the glove compartment and a dozen shotgun shells on the floor of the car. The officers testified that the pipe was a piece of plumber's pipe common in the construction trade. However, based on their experience they thought the pipe might be a bomb. They testified that appellant also stated "It looks like a pipebomb." After they discovered it was not a live destructive device, they arrested appellant for possession of a hoax bomb.
Section 790.165(1) & (2), Florida Statutes provides:
(1) For the purposes of this section, "hoax bomb" means any device or object that by its design, construction, content, or characteristics appears to be or to contain, a destructive device or explosive as defined in this chapter, but is, in fact, an inoperative facsimile or imitation of such a destructive device or explosive.
(2) Any person who manufactures, possesses, sells, or delivers a hoax bomb or mails or sends a hoax bomb to another person shall be guilty of a felony of the third degree, punishable as provided in § 775.082, § 775.083, or § 775.084.
A "destructive device" is defined in section 790.001(4), Florida Statutes as follows:
(4) "Destructive device" means any bomb, grenade, mine, rocket, missile, pipebomb, or similar device containing an explosive, incendiary, or poison gas bomb and includes any frangible container filled with an explosive, incendiary, explosive gas, or expanding gas which is designed or so constructed as to explode by such filler and is capable of causing bodily harm or property damages; any combination of parts either designed or intended for use in converting any device into a destructive device and from which a destructive device may be readily assembled; any device declared a destructive device by the Bureau of Alcohol, Tobacco, and Firearms; any type of weapon which will, is designed to, or may readily be converted to expel a projectile by the action of any explosive and which has a barrel with a bore of one-half inch or more in diameter; and ammunition for such destructive devices, but not including shotgun shells or any other ammunition designed for use in a firearm other than a destructive device. "Destructive device" does not include:

*123 (a) A device which is not designed, redesigned, used or intended for use as a weapon.

An "explosive" is defined in section 790.001(5) as:
(5) "Explosive" means any chemical compound or mixture that has the property of yielding readily to combustion or oxidation upon application of heat, flame, or shock, including but not limited to dynamite, nitroglycerin, trinitrotoluene, or ammonium nitrate when combined with other ingredients to form an explosive mixture, blasting caps, and detonators; but not including:
(a) Shotgun shells, cartridges, or ammunition for firearms;
(b) Fireworks as defined in s. 791.01:
Finally, "weapon" is defined in a typical legislative way of using the word to define itself, as follows:
(13) Weapon means any dirk, metallic knuckles, slungshot, billie, tear gas gun, chemical weapon or device, or any other deadly weapon except a firearm or a common pocket knife.
The only definition of a weapon which applies to this case is "any other deadly weapon." While there is no definition of "deadly weapon", case law supplies a definition of sorts in that an instrument may be classified as a deadly weapon "if, by its use or threatened use, death or great bodily harm is likely to be produced." McCray v. State, 358 So.2d 615 (Fla. 1st DCA 1978).
The prosecutor argued to the court that the intent of the appellant was irrelevant as to whether this pipe was a hoax bomb. It was the state's argument that since the sheriff's deputy and bomb expert thought it might be a bomb, then defendant was guilty of possession of a hoax bomb. We find that reading of the statute to be erroneous.
In determining the constitutionality of a statute, the court should give it a construction which will render it constitutional if there is any reasonable basis for doing so without violating the plain intent of the legislature. State v. Keaton, 371 So.2d 86 (Fla. 1979). The hoax bomb statute can be construed in such a manner. The state has provided us with the legislative history of this statute. In the Senate Staff Analysis of CS/HB 1467, the staff notes:
Florida has no penalty for misrepresentation of an object as a destructive device. The device must actually be a bomb or destructive device or a threat about the location of a destructive device must be made for a penalty to attach.
That analysis makes it clear that what the legislature intended to proscribe is the misrepresentation of a device as a destructive device. Misrepresentation requires knowledge and intent. Thus, the crime of planting a hoax bomb includes the element of intent.
This element of intent is found in the definition of "destructive device". A device is not a "destructive" device according to the statute if it is not designed, used or intended for use as a weapon, which according to the statute means something capable of inflicting great bodily harm. In order to be a hoax bomb, the device in question must be an imitation of a destructive device. Thus, it must imitate a device which is intended to be a weapon. In other words, the maker or possessor of a hoax bomb must intend the device to be perceived as a weapon or the imitation must be used or designed to be used and perceived as a weapon. Contrary to the state's position in the trial court, the intention of the perpetrator is an essential element of the crime.
Furthermore, it is this element of intent which precludes the statute from being constitutionally infirm. Otherwise, the statute would be "`susceptible of application to entirely innocent activities.'" State v. Saiez, 489 So.2d 1125 (Fla. 1986). For instance, in the present case, the officers admitted that the pipe which they suspected of being a bomb was a common plumber's pipe having a myriad of innocent uses. In addition, in these days of terrorist activities, bombs can be encased in anything from a radio to a child's toy. It would be unreasonable to punish the mere possession of radios or children's toys because a *124 trained officer thinks they might contain a bomb. The criminalization of inherently innocent objects or activity which interferes with the legitimate personal and property rights of individuals without evidence of criminal behavior has repeatedly been condemned as violative of due process and unconstitutional. See Saiez (possession of embossing equipment); State v. Walker, 444 So.2d 1137 (Fla. 2d DCA 1984), affirmed and lower court opinion adopted, 461 So.2d 108 (Fla. 1984) (possession of "medicine"); Foster v. State, 286 So.2d 549, 551 (Fla. 1973) ("It would be an unconstitutional act  in excess of the State's police power  to criminalize the simple possession of a screwdriver, just as much as it would be to criminalize the possession of such items as ladies' hat pins, automobile tire iron kits, et cetera, without first requiring that they first be used as burglary tools."); Delmonico v. State, 155 So.2d 368 (Fla. 1963) (possession of a spear gun in an area of Monroe County).
Thus, we hold that a violation of the statute requires that the perpetrator design, intend or use the imitation destructive device in such a way as to appear to be a weapon. Under this construction, we hold that the statute is constitutional. Because both parties improperly interpreted the statute and it does not appear that the court considered the element of intent with respect to the hoax bomb charge, the juvenile has not been afforded an opportunity to have his "day in court" with respect to the charge as we now have construed the statute. Thus, to prevent a departure from the requirements of due process, we reverse and remand for a new trial. C.f. Robinson v. Malik, 135 So.2d 445 (Fla. 3d DCA 1961) (new trial required where final decree went beyond the issues and beyond the proof adduced at the hearing.)
ANSTEAD and GLICKSTEIN, JJ., concur.