PER CURIAM.
Leroy McMillon timely appeals an order ■withholding adjudication of guilt and placing him on probation after he entered a plea of nolo contendere to battery upon a district school board employee, a violation of section 231.06, Florida Statutes (1993). We have jurisdiction and affirm.
McMillon was employed as a custodian at Wekiva Elementary School. When the principal, Sallie Jenkins, called him to the office to discuss his job performance, he told her he would not speak to her without a union representative present. When McMillon rose to leave, he leaped across the desk and struck Jenkins several times, knocking her to the floor. While she was on the floor, he kicked her several times. McMillon was arrested for aggravated battery and battery upon a district school board employee. He entered a plea of nolo contendere to the latter charge and was placed on probation.
On appeal, McMillon argues that section 231.06 does not apply to him because, as a school district employee, the statute is meant to protect him. He cites Walker v. State, 501 So.2d 156, 157 (Fla. 1st DCA 1987), which states that one purpose of the statute is to protect school employees against attack “primarily from outsiders.” Walker is inapplicable because it interprets the 1985 version of section 231.06. The legislature amended the statute in 1986 to indicate that persons “subject to the discipline of the school,” are no longer exempt from prosecution pursuant to this statute. See KG. v. State, 556 So.2d 779 (Fla. 1st DCA 1990). McMillon is not exempt even though he is also a member of the protected class. Keeping in mind the statute’s purpose, this interpretation neither leads to an unreasonable conclusion nor derogates legislative intent. Holly v. Auld, 450 So.2d 217, 219 (Fla.1984).
AFFIRMED.
GOSHORN, HARRIS and THOMPSON, JJ., concur.