722 So.2d 839 (1998)
O. C., A Child, Appellant,
v.
STATE of Florida, Appellee.
No. 97-3075.
District Court of Appeal of Florida, Fifth District.
November 6, 1998.
*840 James B. Gibson, Public Defender, and Kenneth Witts, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Wesley Heidt, Assistant Attorney General, Daytona Beach, for Appellee.
COBB, Judge.
O.C., a juvenile, appeals from a delinquency determination and disposition.
O.C. was charged by amended delinquency petition with attempted aggravated battery to cause great bodily harm and misdemeanor battery occurring on January 29, 1997. On September 11, 1997, the state filed a motion to have O.C. declared a gang member for disposition enhancement purposes pursuant to section 874.04, Florida Statutes. O.C. moved to dismiss the enhancement request asserting that section 874.04 is unconstitutional because it omits an intent requirement, violates free speech and freedom of association and imputes guilt by association.
Chapter 874, the Criminal Street Gang Prevention Act of 1996 provides for enhanced criminal penalties for a convicted defendant who is a member of a criminal street gang:
874.04 Criminal street gang activity; enhanced penalties.Upon a finding by the court at sentencing that the defendant is a member of a criminal street gang, the penalty for any felony or misdemeanor, or any delinquent act or violation of law which would be a felony or misdemeanor if committed by an adult, may be enhanced if the offender was a member of a criminal street gang at the time of the commission of such offense. Each of the findings required as a basis for such sentence shall be found by a preponderance of the evidence. The enhancement will be as follows:
* * * * * *
(2)(a) A felony of the third degree may be punished as if it were a felony of the second degree.
§ 874.04, Fla. Stat. (Supp.1996).
Section 874.03, the definition section of the statute, defines a "criminal street gang" as an organization or group of three or more persons who have a common name or identifying signs colors or symbols, and have two or more members who, individually or collectively, engage in or have engaged in a pattern of criminal street gang activity. § 874.03(1), Fla. Stat. (Supp.1996). Subsection (2) lists eight criteria for classifying a defendant as a gang member.
At the adjudicatory hearing, the following evidence was presented. The victim testified that on January 29,1997, he was getting off a bus at his stop. According to the victim, O.C. "grabbed me and threw me ... towards Kenny. And then he [Kenny] hit me in the face with his fist." The victim continued that "they [O.C. and Kenny] picked me up and threw me through the fence. They just took my arms and threw me." The fence was wooden and the victim's head went through it. The victim further testified that "then they just started kicking" him "on my head, my whole body." The attack lasted about five or ten minutes and then they left. According to the victim, another youth, Everett, who was present and watching, "screamed that this is a message for your brother or something." Pictures showing the injuries sustained by the victim were introduced into evidence. He suffered no broken bones but could barely open his right eye.
The victim stated on cross examination that Kenny and O.C. "did about the same amount" of kicking and beating on him. The victim reiterated that O.C. started the incident by grabbing him and throwing him towards Kenny. An eyewitness confirmed the victim's account of the incident.
At the close of the evidence, O.C. moved for a judgment of acquittal arguing the evidence was insufficient to establish an attempted aggravated battery, that at most *841 O.C. committed a simple battery. The juvenile court denied the motion and found O.C. guilty of attempted aggravated battery and misdemeanor battery.
Thereafter, the motion for gang enhancement and disposition were heard. A sheriff's deputy involved in gang surveillance testified that O.C. is a member of an Orlando gang known as Universal Mafia Crew (UMC). Additional members were identified. The deputy testified that O.C. told him while on the street that she was a member of UMC and in fact was the leader.
Another deputy sheriff who specializes in gangs testified that UMC has a hierarchy consisting of a godfather, godmother, bosses and foot soldiers. O.C. was the godmother. The gang had colors, met monthly and was implicated in other crimes. Several members of the gang had been arrested on felony charges including armed burglary, aggravated battery with a knife, possession of a short barrel shotgun and grand theft auto. At least three of the arrests had occurred within the past year.
The trial court denied O.C.'s constitutional challenge to the statute. The court found UMC to be a criminal street gang as that term is defined in section 874.03(1), that O.C. was a criminal street gang member and that under section 874.04 the two convictions would be enhanced upward one degree (to a second degree felony and third degree felony). However, the court announced that the defendant could only be sentenced on the second degree felony because there was only a single incident and victim and only one charge could be pursued. The court sentenced O.C. to a level 8 commitment.
On appeal O.C. argues that the trial court erred (1) in finding the enhancement penalty provided in section 874.04, Florida Statutes, to be facially constitutional, and (2) in denying his motion for judgment of acquittal as to the charge of attempted aggravated battery.
In regard to the second issue, we find that the evidence of the attack on the victim, viewed in the light most favorable to the state, supports a finding that great bodily harm was intended and attempted to be inflicted. See § 784.045(1)(a), Fla. Stat. (1997).
The first issue raised on appeal is more troubling. The appellant contends that section 874.04 is facially unconstitutional in that it punishes lawful activity without requiring criminal intent, and it limits freedom of association.
In People ex rel. Gallo v. Acuna, 14 Cal.4th 1090, 60 Cal.Rptr.2d 277, 929 P.2d 596 (Cal.1997), cert. denied, ___ U.S. ___, 117 S.Ct. 2513, 138 L.Ed.2d 1016 (Cal.1997), the California Supreme Court, citing United States Supreme Court decisional law, held that gang membership is not within the limited right of association entitled to First Amendment protection. The California court noted that the high court has recognized two kinds of association entitled to First Amendment protectionthose with "intrusive" or "intimate" value and those that are "instrumental" to forms of religious and political expression and activity. The first relates to personal affiliations that concern the creation and sustenance of the family: marriage, raising and educating children and cohabitation with relatives. See Roberts v. United States Jaycees, 468 U.S. 609, 104 S.Ct. 3244, 82 L.Ed.2d 462 (1984). The second is composed of groups whose members join together for the purpose of pursuing "a wide variety of political, social, economic, educational, religious and cultural ends." Roberts at 622,104 S.Ct. 3244. The California Supreme Court explained that the freedom of association protected by the First Amendment "does not extend to joining with others for the purpose of depriving third parties of their lawful rights." 60 Cal.Rptr. at 290, quoting Madsen v. Women's Health Center, Inc., 512 U.S. 753, 114 S.Ct. 2516, 129 L.Ed.2d 593, (1994).
The defendant's association with criminal street gang members is not a right of association protected by the First Amendment. The question, however, is: Can the legislature, in accordance with due process principles, see State v. Saiez, 489 So.2d 1125 (Fla.1986),[1] constitutionally enhance criminal *842 penalties based on a criminal's simple association with others who may be criminals? The statute does not require any relationship between the criminal act, here attempted aggravated battery, and gang membership. Under the statute, the defendant's punishment is enhanced for the substantive offense plus gang membership without the need for any nexus between the particular criminal act and such membership.
This situation is crystallized when the 1996 version of the Florida Act is compared to the California Act. The California Act provides for sentencing enhancement when the crime is "gang related," i.e., it must have been committed in the words of the statute "for the benefit of, at the direction of, or in association with" a street gang. People v. Gardeley, 14 Cal.4th 605, 59 Cal.Rptr.2d 356, 357, 927 P.2d 713 (Cal.1996). Thus, the California enactment
does not criminalize mere gang membership; rather it imposes increased criminal penalties only when the criminal conduct is felonious and committed not only "for the benefit of, at the direction of, or in association with" a group that meets the specific statutory conditions of a "criminal street gang" but also with the "specific intent" to promote, further or assist in any criminal conduct by gang members.
59 Cal.Rptr.2d at 368.
The California court noted that in Lanzetta v. New Jersey, 306 U.S. 451, 59 S.Ct. 618, 83 L.Ed. 888 (1939), the Supreme Court struck down on due process grounds a conviction obtained under a New Jersey statute that imposed criminal penalties for membership in a gang by any person "convicted at least three times of being a disorderly person, or... convicted of any crime in this or any other state." The statute defined a gang as "consisting of two or more persons," a definition the Court found to be "vague, indefinite and uncertain" 306 U.S. at 458, 59 S.Ct. 618. The California court noted that besides the vagueness problem the "New Jersey statute imposed criminal penalties for mere membership in a gang, condemning no act or omission" in contrast to California's enactment. 59 Cal.Rptr.2d at 368.
Prior to the 1996 amendment to Florida's act, section 874.04 authorized enhancement where the defendant was a criminal street gang member and such gang met the criteria of a pattern of criminal street gang activity. See S.L. v. State, 708 So.2d 1006 (Fla. 2d DCA 1998). Florida's enactment now allows for enhancement merely "upon a finding by the court at sentencing that the defendant is a member of a criminal street gang." § 874.04, Fla. Stat. There is no requirement that the offense for which the defendant is being sentenced has any relationship whatsoever to the activities of the gang. Section 874.04 simply purports to enhance punishment based on gang membership even though that membership may be unrelated to the charged crime. This enhancement statute increases criminal penalties based on non-criminal acts. In effect, the increased punishment is based on association with other people, who may or may not have committed unrelated criminal acts.
We agree with the appellant that the lower court erred in upholding the constitutionality of section 874.04, Florida Statutes (1996). The statute, by punishing mere association, is unconstitutional on its face.
Accordingly, we affirm the delinquency adjudication but reverse the disposition and remand for resentencing consistent with this opinion.
REVERSED IN PART AND REMANDED.
GRIFFIN, C.J., and ANTOON, J., concur.
NOTES
[1] In Saiez the supreme court struck down section 817.63, Florida Statutes (unlawful possession of embossing machines) explaining that due process "requires that the means selected [by the legislature] shall have a reasonable and substantial relation to the object sought to be attained and shall not be unreasonable, arbitrary or capricious." 489 So.2d at 1128.