PARIENTE, J.
We have on appeal the Fifth District’s decision in O.C. v. State, 722 So.2d 839 (Fla. 5th DCA 1998), declaring section 874.04, Florida Statutes (Supp.1996), unconstitutional. We have jurisdiction. See art. V, § 3(b)(1), Fla. Const.
O.C., a juvenile, was charged by an amended delinquency petition with attempted aggravated battery to cause great bodily harm, a third-degree felony, and battery, a misdemeanor. The Fifth District’s opinion details the evidence presented at the adjudicatory hearing:
The victim testified that on January 29, 1997, he was getting off a bus at his stop. According to the victim, O.C. “grabbed me and threw me ... towards Kenny. And then he [Kenny] hit me in the face with his fist.” The victim continued that “they [O.C. and Kenny] picked me up and threw me through the fence. They just took my arms and threw me.” The fence was wooden and the victim’s head went through it. The victim further testified that “then they just started kicking” him “on my head, my whole body.” The attack lasted about five or ten minutes and then they left. According to the victim, another youth, Everett, who was present and watching, “screamed that this is a message for your brother or something.” Pictures showing the injuries sustained by the victim were introduced into evidence. He suffered no broken bones but could barely open his right eye.
The victim stated on cross examination that Kenny and O.C. “did about the same amount” of kicking and beating on him. The victim reiterated that O.C. started the incident by grabbing him and throwing him towards Kenny. An eyewitness confirmed the victim’s account of the incident.
At the close of the evidence, O.C. moved for a judgment of acquittal arguing the evidence was insufficient to establish an attempted aggravated battery, that at most O.C. committed a simple battery. The juvenile court denied the motion and found O.C. guilty of attempted aggravated battery and misdemeanor battery.
O.C., 722 So.2d at 840-41 (alteration in original).
Subsequent to the finding of guilt, the State moved to have O.C. declared a gang member for penalty enhancement purposes pursuant to section 874.04. O.C. opposed the State’s motion, asserting that section 874.04 is unconstitutional “because it omits an intent requirement, violates free speech and freedom of association and imputes guilt by association.” O.C., 722 So.2d at 840.
*947 The trial court deferred ruling on O.C.’s constitutional challenge and heard the State’s motion for “gang enhancement.” Id. at 840. During the hearing,
[a] sheriffs deputy involved in gang surveillance testified that O.C. is a member of an Orlando gang known as Universal Mafia Crew (UMC). Additional members were identified. The deputy testified that O.C. told him while on the street that she was a member of UMC and in fact was the leader.
Another deputy sheriff who specializes in gangs testified that UMC has a hierarchy consisting of a godfather, godmother, bosses and foot soldiers. O.C. was the godmother. The gang had colors, met monthly and was implicated in other crimes. Several members of the gang had been arrested on felony charges including armed burglary, aggravated battery with a knife, possession of a short barrel shotgun and grand theft auto. At least three of the arrests had occurred within the past year.
Id. at 841. After the hearing, the trial court denied O.C.’s constitutional challenge to section 874.04, found O.C. to be a criminal street gang member, and stated that O.C.’s third-degree felony and misdemean- or would be enhanced upward by one degree to second- and third-degree felonies pursuant to the provisions of section 874.04. The court then sentenced O.C. based on the enhanced felony. See O.C., 722 So.2d at 841.
On appeal to the Fifth District, O.C. challenged the constitutionality of the statute. In considering this challenge, the Fifth District framed the inquiry as whether the Legislature, “in accordance with due process principles, see State v. Saiez, 489 So.2d 1125 (Fla.1986), [can] constitutionally enhance criminal penalties based on a criminal’s simple association with others who may be criminals?” O.C., 722 So.2d at 841-42. The court concluded that such an enhancement punishes “mere association,” and is unconstitutional on its face. Id. at 842. We agree with the Fifth District’s conclusion that the statute is unconstitutional as a violation of substantive due process.
Chapter 874, the Criminal Street Gang Prevention Act of 1996, provides for enhancement of criminal penalties for a defendant who is a member of a “criminal street gang”:
874.04 Criminal street gang activity; enhanced penalties. — Upon a finding by the court at sentencing that the defendant is a member of a criminal street gang,[1] the penalty for any felony or misdemeanor, or any delinquent act or violation of law which would be a felony or misdemeanor if committed by an adult, may be enhanced if the offender was a member of a criminal street *948 gang at the time of the commission of such offense. Each of the findings required as a basis for such sentence shall be found by a preponderance of the evidence. The enhancement will be as follows:
[[Image here]]
(2)(a) A felony of the third degree may be punished as if it were a felony of the second degree.
(b) A felony of the second degree may be punished as if it were a felony of the first degree.
(c) A felony of the first degree may be punished as if it were a life felony.
§ 874.04 (emphasis supplied). A “criminal street gang” is broadly defined in section 874.03 as
a formal or informal ongoing organization, association, or group that has as one of its primary activities the commission of criminal or delinquent acts, and that consists of three or more persons who have a common name or common identifying signs, colors, or symbols and have two or more members who, individually or collectively, engage in or have engaged in a pattern of criminal street gang activity.[2]
§ 874.03(1).
The Fourteenth Amendment to the United States Constitution, and article I, section 9 of the Florida Constitution, protect a citizen’s right to “due process of law.”[3] In delineating the scope of a citizen’s substantive due process protections, this Court explained in Saiez:
The due process clauses of our federal and state constitutions do not prevent the legitimate interference with individual rights under the police power, but do place limits on such interference.
... [T]he guarantee of due process requires that the means selected [by the Legislature to achieve its legitimate police-power objectives] shall have a reasonable and substantial relation to the object sought to be attained and shall not be unreasonable, arbitrary or capricious.
489 So.2d at 1127-28 (emphasis supplied). Saiez further quotes with approval then-judge Grimes’ observation in State v. Walker, 444 So.2d 1137, 1140 (Fla. 2d DCA), aff'd, 461 So.2d 108 (Fla.1984), that the statute at issue in Walker was unconstitutional because, “‘without evidence of criminal behavior, the prohibition of this conduct lacks any rational relation to the legislative purpose’ and ‘criminalizes activity that is otherwise inherently innocent.’ ” Saiez, 489 So.2d at 1129.
In Saiez, we found section 817.63, which prohibited the possession of machinery designed to reproduce credit cards, to be unconstitutional because it violated substantive due process. Id. at 1127. While we agreed with the State that the curtailment of credit card fraud was a legitimate goal within the scope of the state’s police power, we found that the statute did not bear a “rational relationship ” to this proper goal because “it fail[ed] to require proof of the intent essential to any crime such as a showing that the equipment was possessed with an intent to put in to un *949 lawful use. Instead the law penalizefd] the mere possession of equipment which in itself is wholly innocent....” Id. at 1128 (emphasis supplied) (quoting Delmonico v. State, 155 So.2d 368, 369-70 (Fla.1963), which held unconstitutional a statute prohibiting the mere possession of otherwise legal spearfíshing equipment).
More recently, in Wyche v. State, 619 So.2d 231, 237-38 (Fla.1993), this Court invalidated a Tampa ordinance making it illegal to loiter in a manner manifesting the purpose of procuring sex for hire. Under the ordinance, a person who was a “known prostitute” could be convicted for beckoning to motor vehicle operators to stop. See id. at 235. The Court found that not only was the statute vague and overbroad, but it also violated a citizen’s substantive due process rights because it ‘“unjustifiably transgress[ed] the fundamental restrictions on the power of government to intrude upon individual rights and liberties’ ” by “punish[ing] entirely innocent activities” such as hailing a cab or signaling to a friend in an automobile. Id. at 237 (quoting Walker, 444 So.2d at 1138).
Applying the reasoning of these cases, we conclude that section 874.04 violates a defendant’s substantive due process rights because the statute subjects the defendant to conviction for a higher degree crime than originally charged, resulting in an increased penalty range, based only upon a defendant’s “simple association” with others, who may or may not be criminals. O.C., 722 So.2d at 842. As explained by the Fifth District:
The statute does not require any relationship between the criminal act, here attempted aggravated battery, and gang membership. Under the statute, the defendant’s punishment is enhanced for the substantive offense plus gang membership without the need for any nexus between the particular criminal act and such membership.
[[Image here]]
... [Thus,] [t]his enhancement statute increases criminal penalties based on non-criminal acts. In effect, the increased punishment is based on association with other people, who may or may not have committed unrelated criminal acts

Id.

For example, without a required nexus between the crime and the enhancement, an individual charged with a nonviolent crime, such as shoplifting, could be subject to the enhanced penalty range for a higher degree crime simply because the State establishes that the defendant is a gang member. The enhancement provided for by statute is extremely significant in that each crime is enhanced by one degree [4] so that a felony of the third degree is punished as if it were a penalty of the second degree, a felony of the second degree punished as if it were a felony of the first degree, and a felony of the first degree punished as if it were a life felony. See § 874.04(2)(a)-(c).[5] In this case, O.C. was sentenced based on a second-degree felony, although the crime with which she was originally charged, attempted aggravated *950 battery to cause great bodily harm, is a third-degree felony.[6]
In reaching the conclusion that section 874.04 is unconstitutional, the Fifth District distinguished People v. Gardeley, 14 Cal.4th 605, 59 Cal.Rptr.2d 356, 927 P.2d 713 (1996), cert. denied, 522 U.S. 854, 118 5.Ct. 148, 139 L.Ed.2d 94 (1997), a decision from the California Supreme Court rejecting constitutional challenges to California’s version of a gang enhancement statute. See O.C., 722 So.2d at 842. The California statute, unlike the statute in this case, provided that the defendant’s sentence could be enhanced if the defendant committed the crime “for the benefit of, at the direction of, or in association with any criminal street gang, with the specific intent to promote, further, or assist in any criminal conduct by gang members.” Gardeley, 927 P.2d at 720. The California Supreme Court concluded that this statute “fully comport[ed] with due process” because it did not impose criminal penalties for “mere gang membership,” but only when the criminal conduct at issue was committed for the gang’s benefit and with the specific intent to assist in criminal conduct by gang members. Id. at 725.
Unlike the statute in Gardeley, section 874.04 punishes mere association by providing for an enhancement of the degree of a crime based on membership in a criminal gang, even where the membership had no connection with the crime for which the defendant had been found guilty. We conclude that because the statute punishes gang membership without requiring any nexus between the criminal activity and gang membership, it lacks a rational relationship to the legislative goal of reducing gang violence or activity and thus fails to have a “reasonable and substantial relation” to a permissible legislative objective. Saiez, 489 So.2d at 1128.
Because we agree that section 874.04 is unconstitutional as a violation of substantive due process, we find it unnecessary to reach O.C.’s challenge to the statute based on First Amendment grounds. Accordingly, we affirm the decision of the Fifth District for the reasons stated in this opinion.
It is so ordered.
HARDING, C.J., and SHAW, WELLS, ANSTEAD, LEWIS and QUINCE, JJ., concur.

. Section 874.03(2), Florida Statute (Supp. 1996), defines "[c]riminal street gang member,” and lists eight criteria for classifying a defendant as a "gang member” as follows:
(2) "Criminal Street Gang Member” is a person who is a member of a criminal street gang as defined in subsection (1) and who meets two or more of the following criteria:
(a) Admits to criminal street gang membership.
(b) Is identified as a criminal street gang member by a parent or guardian.
(c) Is identified as a criminal street gang member by a documented reliable informant.
(d) Resides in or frequents a particular criminal street gang’s area and adopts their style of dress, their use of hand signs, or their tattoos, and associates with known criminal street gang members.
(e) Is identified as a criminal street gang member by an informant of previously untested reliability and such identification is corroborated by independent information.
(f) Has been arrested more than once in the company of identified criminal street gang members for offenses which are consistent with usual criminal street gang activity.
(g) Is identified as a criminal street gang member by physical evidence such as photographs or other documentation.
(h) Has been stopped in the company of known criminal street gang members four or more times.
§ 874.03(2)(a)-(h).

. According to subsection 874.03(3), a "pattern of criminal street gang activity means”:
CT]he commission or attempted commission of, or solicitation or conspiracy to commit, two or more felony or three or more misdemeanor offenses, or one felony and two misdemeanor offenses, or the comparable number of delinquent acts or violations of law which would be felonies or misdemeanors if committed by an adult, in separate occasions within a 3-year period.

. The Fourteenth Amendment of the United States Constitution provides in pertinent part that no State shall "deprive any person of life, liberty or property without due process of law.” Article I, section 9 of the Florida Constitution similarly provides that "[n]o person shall be deprived of life, liberty or property without due process of law.” The constitutional protection provided by the due process clauses encompasses both procedural and substantive due process. See, e.g., Department of Law Enforcement v. Real Property, 588 So.2d 957, 960 (Fla. 1991).

. Life felonies are punishable by a term of imprisonment for life if the life felony occurred after July 1, 1995. See § 775.082(3)(a)3, Fla.Stat. (1995). First-degree felonies are punishable by a maximum term of imprisonment not to exceed 30 years, unless the offense is one that specifically provides for a life term. See § 775.082(3)(b). Second degree felonies are punishable by a maximum term of imprisonment not to exceed fifteen years, see section 775.082(3)(c), and third-degree felonies are punishable by a maximum term of imprisonment not to exceed five years. See § 775 .082(3)(d).

. Misdemeanors are also subject to enhancement by one degree so that a misdemeanor of the first degree may be punished as a felony of the third degree, see § 874.04(l)(b), thus raising additional concerns about the jurisdiction of the county and circuit courts in this circumstance. Further, the enhancement occurs at sentencing by the court, upon a finding by “the preponderance of the evidence” rather than as an element of a crime that must be proven beyond a reasonable doubt. We do not address these additional concerns at this time because of our decision that the statute is facially unconstitutional.

. Though the trial court noted that the misdemeanor battery would be enhanced to a third degree felony, it only sentenced O.C. on the conviction for attempted aggravated battery to cause great bodily harm, enhanced from a third- to a second-degree felony. This was “because there was only a single incident and victim and only one charge could be pursued.” O.C. v. State, 722 So.2d 839, 841 (Fla. 5th DCA 1998).