FILED

04/11/2018

Clerk of the
Appellate Courts

IN THE SUPREME COURT OF TENNESSEE
AT JACKSON
November 8, 2017 Session

**STATE OF TENNESSEE v. CHRISTOPHER MINOR**

**Appeal by Permission from the Court of Criminal Appeals**
**Circuit Court for Madison County**
**No. 15-167   Roy B. Morgan, Jr., Judge**

———————————————————

**No. W2016-00348-SC-R11-CD**

———————————————————

SHARON G. LEE, J., concurring.

Christopher Minor was sentenced to serve additional time in prison for violations of the criminal gang offense statute, Tennessee Code Annotated section 40-35-121(b) (2014). While his case was on appeal, the Court of Criminal Appeals in *State v. Bonds*, 502 S.W.3d 118, 157 (Tenn. Crim. App. 2016), declared that a portion of the criminal gang offense statute was unconstitutional. Today, the Court vacates Mr. Minor's convictions for violating the criminal gang offense statute. It is only fair that Mr. Minor should not have to serve additional time in prison for violating a statute that an appellate court declared unconstitutional while his appeal was pending.

Here, the Court reaches the right result, but does not go far enough. In the interest of fairness and justice, I would go a step further, as did the United States Supreme Court in *Henderson v. United States*, 568 U.S. 266 (2013) and hold that an appellate court, when determining whether a defendant is entitled to plain error relief, should apply the law in effect at the time of its review. A defendant's fate should not depend on whether the law was settled or unsettled at the time of trial.

We should adopt the ruling in *Henderson* for a number of reasons. It is a well-reasoned decision and firmly grounded in longstanding principles of appellate jurisprudence. As the *Henderson* Court noted, as early as 1801, Chief Justice John Marshall wrote that appellate courts must apply the law in effect at the time of review, even if the law changes between the time of trial and appeal. *Id.* at 271 (quoting *United States v. Schooner Peggy*, 5 U.S. (1 Cranch) 103, 110 (1801)).

The *Henderson* ruling advances the fairness function of the plain error doctrine by treating similarly situated defendants the same. It simplifies appellate practice by sparing

lawyers and judges the "temporal ping-pong" that results from focusing on the law at the time of trial—law that changes after trial and may be obsolete by the time of appeal. *Id.* at 273–74. By simplifying appellate processes, the *Henderson* approach is consistent with the overriding purpose of the Rules of Appellate Procedure in Tennessee. *See* Tenn. R. App. P. 1 (instructing that the appellate rules "shall be construed to secure the just, speedy, and inexpensive determination of every proceeding on its merits").

The *Henderson* ruling is consistent with our plain error doctrine, as reflected in the language of Tennessee Rule of Appellate Procedure 36(b). This Rule addresses itself to appellate courts and places no limitations on the general rule that appellate courts apply the law existing at the time of review. "When necessary to do substantial justice, *an appellate court may consider an error that has affected the substantial rights of a party at any time, even though the error was not raised in the motion for a new trial or assigned as error on appeal.*" Tenn. R. App. P. 36(b) (emphasis added). By not altering the generally applicable rule, Rule 36(b) contemplates that the question of whether a clear and unequivocal rule of law has been breached will be answered by reference to the law existing at the time of appeal.

The *Henderson* approach does not incentivize sandbagging at trial because "it is normally to the advantage of counsel and his client to get the error speedily corrected." 568 U.S. at 276. Even assuming an attorney or a party would unwisely choose not to raise an issue at trial hoping to gain relief via the plain error doctrine, the criteria necessary to obtain such relief and the principle that appellate courts "sparingly exercise[]" their authority to grant such relief, *State v. Bledsoe*, 226 S.W.3d 349, 354 (Tenn. 2007) (quoting Tenn. R. App. P. 13(b) cmt.), are entirely sufficient to prevent sandbagging and to safeguard appellate review preservation requirements.

The *Henderson* ruling neither threatens the integrity of trial proceedings nor casts aspersions on the performance of trial judges. As the *Henderson* Court emphasized, the plain error doctrine *does not* function (and never has been intended to function) as "a grading system for trial judges." 568 U.S. at 278. Rather, it serves the broader purpose of advancing fairness and judicial integrity. *Id.*

The adoption of *Henderson* makes sense. Tennessee would join many other jurisdictions that have adopted this approach, some of which adopted it before the United States Supreme Court's ruling in *Henderson*. *See Wills v. United States*, 147 A.3d 761, 772 (D.C. 2016) ("We assess plainness in light of the state of the law at the time of appellate review, not the state of the law at the time of trial."); *Lyman v. State*, 800 S.E.2d 333, 338 (Ga. 2017) (holding that when an appellate court conducts plain error review, it applies the law as of the time of the appellate court's review); *State v. Maharaj*, 317 P.3d 659, 661 (Haw. 2013) (citing *Henderson* and explaining that courts should consult the law at the time of appeal); *State v. Kelley*, 855 N.W.2d 269, 277 (Minn. 2014) (holding

that for purposes of applying the plain error doctrine, the court examines the law in existence at the time of appellate review, not the law in effect at the time of the trial court's error, to determine whether an error is plain); *State v. Jury*, 57 P.3d 970, 973 (Or. Ct. App. 2002) (en banc) ("[W]e have consistently, albeit implicitly, defined 'plain error' by reference to the law existing at the time the appeal is decided."); *State v. Marple*, 475 S.E.2d 47, 53 (W. Va. 1996) (holding that "plain error" is error that is clear and uncontroverted at the time of appeal).

In *Henderson*, the Court of Appeals for the Fifth Circuit had not decided at the time of the defendant's sentencing hearing whether federal sentencing statutes authorized district courts to impose upward departure sentences to aid defendants in becoming eligible for rehabilitation programs, although other federal appellate courts had disagreed on the issue. Similarly, in this case, no Tennessee court had addressed the constitutionality of the criminal gang offense statute at the time of the defendant's trial and sentencing hearing, although a Florida court had declared a similar Florida statute unconstitutional. *See State v. O.C.*, 748 So. 2d 945 (Fla. 1999). In both *Henderson* and this case, the relevant issues were not definitively resolved for the first time until the defendants' cases were pending on appeal. Any other factual distinctions between this appeal and *Henderson* are not sufficient to justify declining to adopt *Henderson*.

Adopting the *Henderson* approach would serve the interest of fairness to the parties, clarity in the law, and conservation of judicial resources. This Court asked the parties to brief and argue *Henderson*, and the parties did so. In four previous appeals, we declined to accept or reject *Henderson*. *See State v. Perrier*, 536 S.W.3d 388, 405–06 (Tenn. 2017); *State v. Walls*, No. M2014-01972-SC-R11-CD, 2017 WL 5185506, at *7 n.5 (Tenn. Nov. 9, 2017); *State v. Martin*, 505 S.W.3d 492, 508 (Tenn. 2016); *State v. Fayne*, 451 S.W.3d 362, 372 n.6 (Tenn. 2014). It is time we decide this issue. We should not stop short.

For all these reasons, I would adopt as the law in Tennessee the United States Supreme Court's ruling in *Henderson v. United States*. I otherwise concur in the Court's analysis and in the result reached.

_____
SHARON G. LEE, JUSTICE
