THE VILLAGE OF DEERFIELD, Plaintiff-Appellee, v. STEVEN GREENBERG, Defendant-Appellant.

Second District   No. 2—89—0349

Opinion filed January 16, 1990.

Robert L. Snook, Jr., of Law Offices of Robert L. Snook, of Waukegan, for appellant.

Harold H. Winer, of Chicago, and Paul P. Diambri, of Law Office of Paul P. Diambri, Ltd., of Highwood, for appellee.

JUSTICE DUNN delivered the opinion of the court:

The defendant, Steven Greenberg, was charged with a violation of the minor curfew ordinance of the Village of Deerfield (Deerfield, Ill., Municipal Code art. 8, §§15—61, 15—62 (1963)). After the defendant was found guilty at a stipulated bench trial, the trial court imposed a fine of $50 and placed the defendant on court supervision for a period of 30 days. The defendant now appeals, claiming that the minor curfew ordinance is invalid because its enactment was beyond the powers of the Village of Deerfield and because it unconstitutionally restricts the defendant's freedom of movement. We affirm the defendant's conviction.

On August 25, 1988, a complaint was issued against the defendant by a member of the Village of Deerfield department of police. The complaint charged that at 1:25 a.m. on August 25, 1988, the defendant was present on Waukegan Road in Deerfield without supervision in violation of section 15—62 of the Deerfield curfew ordinance applicable to persons under the age of 18 (Deerfield, Ill., Municipal Code art. 8, §15—62 (1963)). The complaint reveals that the defendant was born on March 18, 1971, indicating that he was 17 years old on the date in question.

The Deerfield ordinance under which the defendant was charged reads as follows:

"(a) It is unlawful for a person less than 18 years of age to be present at or upon any public assembly, building, place, street or highway at the following times unless accompanied and supervised by a parent, legal guardian or other responsible companion at least 21 years of age approved by a parent or legal guardian or unless engaged in a business or occupation which the laws of this State authorize a person less than 18 years of age to perform:

(1) Between 12:01 a.m. and 6:00 a.m. Saturday;

(2) Between 12:01 a.m. and 6:00 a.m. Sunday, and

(3) Between 11:00 p.m. on Sunday to Thursday, inclusive, and 6:00 a.m. on the following day.

(b) It is unlawful for a parent, legal guardian or other person to knowingly permit a person in his custody or control to violate subparagraph (a) of this Section.

(c) A person convicted of a violation of any provision of this Section shall be guilty of a petty offense and shall be fined not less than $10 nor more than $100." Deerfield, Ill., Municipal Code art. 8, §15—62 (1963).

The defendant filed a motion with the trial court seeking dismissal of the complaint because, he claimed, the Deerfield ordinance was invalid. The defendant's motion was grounded in four assertions: that the ordinance impermissibly conflicted with certain provisions of the Illinois Vehicle Code (Ill. Rev. Stat. 1987, ch. 95½, par. 1—100 et seq.); that it was contrary to public policy as manifested by the Illinois General Assembly; that it violated article VII, section 6(i), of the Illinois Constitution (Ill. Const. 1970, art. VII, §6(i)); and that the ordinance was contrary to the fourteenth amendment to the United States Constitution (U.S. Const., amend. XIV). The trial court found no merit to any of the grounds put forth by the defendant, and accordingly, it denied the motion to dismiss. Subsequently, the defendant stipulated to

the allegations in the Village's complaint and was found guilty at his bench trial. The trial court fined the defendant a total of $50 and placed him on court supervision for a period of 30 days.

The defendant now appeals his conviction. He claims on appeal that it was beyond the powers of the Village of Deerfield to enact a curfew applicable to those under age 18 because the Illinois legislature has adopted a curfew law applicable to those under age 17 (Ill. Rev. Stat. 1987, ch. 23, par. 2371). The defendant claims that the age limit set by the State curfew law precludes Illinois municipalities from enacting ordinances applicable to any different age group. He also claims that the ordinance in question is invalid because it interferes with the defendant's rights as protected by the United States and Illinois Constitutions.

■ Though the legislature has adopted a statewide curfew, it has also clearly expressed its intent to allow municipalities to adopt their own curfew ordinances. Section 11—1—5 of the Illinois Municipal Code of 1961 (Ill. Rev. Stat. 1987, ch. 24, par. 11—1—5) states that "each municipality may by ordinance declare a curfew throughout all or any part of the municipality and establish the conditions and restrictions thereof." Moreover, the Illinois statute which establishes the State's curfew for minors also specifically authorizes municipalities to "exercise legislative or regulatory authority over this subject matter by ordinance or resolution incorporating the substance of this Act *or increasing the requirements thereof* or otherwise not in conflict with this Act." (Emphasis added.) (Ill. Rev. Stat. 1987, ch. 23, par. 2372.) Incredibly, even though the defendant argues that the Deerfield ordinance is in conflict with the State's expressed public policy, nowhere in the defendant's brief can there be found any reference to these highly relevant statutory provisions. The absence of any mention of these provisions is particularly inexplicable here because, as the defendant must know, the trial court denied the defendant's motion to dismiss the charge on the basis of this statutory language.

■ On appeal, the defendant cites only broad propositions of law in support of his contention that the ordinance impermissibly conflicts with the legislature's expressed intention. For example, the defendant cites *Village of Mundelein v. Hartnett* (1983), 117 Ill. App. 3d 1011, 1015, 454 N.E.2d 29, 32, which states that "a municipality derives its powers from the legislature, and may only exercise those powers which are expressly granted or those necessarily implied in or incident to express powers." Though true, this principle is inapplicable here because of the State's explicit statutory authorization of municipal curfew ordinances. The defendant also correctly notes the Illinois Su-

preme Court's statement that "[m]unicipal ordinances must be in harmony with the laws of the State, and in case of a conflict the ordinance must give way" (*Dean Milk Co. v. City of Chicago* (1944), 385 Ill. 565, 574, 53 N.E.2d 612, 616). While this statement is also true, it is relevant only if the defendant can demonstrate the existence of a conflict between the ordinance and the State curfew law. Such broadly worded axioms simply do not support the claim that the legislature has expressed its disapproval of curfew ordinances such as the one in question.

■ Here, the defendant concedes that the Deerfield curfew ordinance and the State curfew law are identical except that the former applies to those under age 18 while the latter applies only to those under age 17. The defendant makes note of the fact that the original version of the State curfew law applied to 17-year-olds (Ill. Rev. Stat. 1963, ch. 23, par. 2371) but was later amended so that it applied only to those under age 17 (Ill. Rev. Stat. 1985, ch. 23, par. 2371 (as amended by Pub. Act 79—159, eff. July 9, 1975)). Thus, the defendant claims, the fact that the Deerfield ordinance still applies to 17-year-olds is the "conflict" with the State law which renders the ordinance invalid. The Deerfield ordinance is more restrictive than the State curfew law in this respect, but, as we noted above, the defendant does not explain how this represents a "conflict" when the legislature has specifically authorized more restrictive curfews at the local level. We agree with the trial court that Deerfield's curfew ordinance does not conflict with the State curfew ordinance, and we find the defendant's argument on this issue to be wholly lacking in merit.

■ The defendant also contends that the Deerfield curfew ordinance is an unconstitutional abridgement of his rights as guaranteed by the Illinois and United States Constitutions. Among the constitutional freedoms the defendant claims the ordinance violates are "movement, travel, speech, association, assembly, freedom of religion and other freedoms guaranteed by the first amendment." It is difficult to see how the curfew ordinance in question infringes on such a disparate variety of rights, and the defendant does not suggest how the ordinance affects these rights. Nevertheless, we will assume, *arguendo*, that some constitutionally protected freedoms are implicated by the Deerfield ordinance and that the ordinance would be invalid if applied to adults. (See generally Note, *Assessing the Scope of Minors' Fundamental Rights: Juvenile Curfews and the Constitution*, 97 Har. L. Rev. 1163-81 (1984).) The defendant correctly cites *Bellotti v. Baird* (1979), 443 U.S. 622, 633, 61 L. Ed. 2d 797, 807, 99 S. Ct. 3035, 3043, to show that a "child, merely on account of his minority, is not beyond the pro-

tection of the Constitution." But, as the Supreme Court noted in *Bellotti*, recognition that children are possessed of constitutional rights "is but the beginning of the analysis." (443 U.S. at 633, 61 L. Ed. 2d at 807, 99 S. Ct. at 3043.) While children are within the protections afforded by the Constitution, we must determine whether the specific provisions of the Deerfield curfew ordinance the defendant challenged impermissibly infringe on those constitutional protections.

This State's supreme court has already had occasion to review a constitutional challenge to a juvenile curfew ordinance. In *People v. Chambers* (1976), 66 Ill. 2d 36, 360 N.E.2d 55, the defendants were charged with a violation of the State curfew law which, at that time, applied to persons under the age of 18 (Ill. Rev. Stat. 1973, ch. 23, par. 2371). In this and all other respects, the State curfew law at issue in *Chambers* is identical to the Deerfield curfew ordinance at issue here. The supreme court held that, although it restricted the travel and movement of minors, the Illinois curfew law properly furthered the State's valid interest in protecting its children. The attack on the statute's constitutionality was rejected. (66 Ill. 2d at 44, 360 N.E.2d at 59.) Thus, because it upheld a statute identical to the one at issue here, *People v. Chambers* would seem to stand as a clear barrier to the defendant's claim that the Deerfield ordinance is unconstitutional.

■ The defendant does not suggest that the supreme court's decision in *Chambers* ought to be reversed and a new rule adopted in its place. (See 107 Ill. 2d Canon 7, R. 7—102 (noting propriety of advancing a defense unwarranted under existing law if it can be supported by a good-faith argument for changing existing law).) Such an argument would, of course, be futile here. It is fundamental that the appellate court is without authority to overrule or modify the decisions of the State supreme court. (*People v. Denson* (1985), 139 Ill. App. 3d 914, 926, 487 N.E.2d 777, 785.) Instead, the defendant argues that the United States Supreme Court's decision in *Bellotti v. Baird* compels us to reach a different result from that reached in *Chambers*. At issue in *Bellotti* was a Massachusetts statute requiring any minor seeking an abortion to first obtain the written consent of both parents. (*Bellotti*, 443 U.S. at 625, 61 L. Ed. 2d at 802, 99 S. Ct. at 3038-39.) Reflecting on the application of constitutional protections to minors, the court stated:

> "The Court long has recognized that the status of minors under the law is unique in many respects. *** We have recognized three reasons justifying the conclusion that the constitutional rights of children cannot be equated with those of adults: the peculiar vulnerability of children; their inability to make critical

decisions in an informed, mature manner; and the importance of the parental role in child rearing." 443 U.S. at 633-34, 61 L. Ed. 2d at 807, 99 S. Ct. at 3043.

As we noted above, we undertake this analysis assuming, *arguendo*, that the Deerfield curfew ordinance would be unconstitutional if applied to adults. The thrust of the defendant's ambiguous argument appears to be that, in order for the curfew ordinance to be constitutionally permissible as applied to minors, one of the three reasons outlined in *Bellotti* must be present in order to justify the ordinance. The defendant asserts that none of the three justifications applies to the Deerfield ordinance and, therefore, that it is unconstitutional.

■■ The application of the standards set out in *Bellotti* is troublesome outside of the particular setting of abortion rights. But even if the *Bellotti* criteria are applied, the Deerfield curfew ordinance is justified by two of the three factors laid out in that case. It is clear that the Illinois Supreme Court in *People v. Chambers* considered both of these factors when upholding the State curfew law identical to the Deerfield ordinance at issue here. First, the State curfew ordinance was justified as a protection imposed in light of the particular vulnerability of children. The court stated:

"The statute proceeds upon the basic assumption that when a child is at home during the late night and early morning hours, it is protected from physical as well as moral dangers. Although there are instances, unfortunately, in which this assumption is untrue, we are satisfied that the State is justified in acting upon it.

In legislating for the welfare of its children, the State is not required, in our opinion, to proceed upon the assumption that minor children have an absolutely unlimited right not only to choose their own associates, but also to decide when and where they will associate with them. Recognition of such a right would require wholesale revision of the large body of law that relates to guardian and ward, parent and child, and minors generally. Compulsary [*sic*] school attendance would be prohibited. A child is carefully safeguarded against errors of choice and judgment in most of the ordinary affairs of life, and we see no constitutional impairment in the limited restriction upon the child's judgment that is involved in this statute." *Chambers*, 66 Ill. 2d at 42, 360 N.E.2d at 57-58.

Second, the supreme court also addressed the manner in which the State curfew statute furthered the parental role in child rearing:

"By providing a sanction against the parent who knowingly

permits a child to violate the statute, the cooperation of the parent is commanded. That sanction may also operate indirectly to enlist cooperation from the child, who may be willing to risk getting into trouble himself, but unwilling to involve his parents in a violation of the law. Parental control is thereby strengthened." *Chambers*, 66 Ill. 2d at 42-43, 360 N.E.2d at 58.

Hence, two of the three factors the United States Supreme Court suggested in *Bellotti v. Baird* were, in fact, addressed by the Illinois Supreme Court in upholding the State curfew law at issue in *People v. Chambers*. Therefore, we believe that the *Chambers* decision remains good law and is not contradicted by *Bellotti*. Nor is it relevant, as the defendant seems to suggest, that the State has subsequently changed the curfew ordinance interpreted in *Chambers*. This State's supreme court determined that the statute, as it existed at that time, was constitutional; this constitutional determination cannot be altered by the legislature's subsequent statutory actions. (See *Rock v. Thompson* (1981), 85 Ill. 2d 410, 426 N.E.2d 891.) Because the curfew ordinance at issue here is identical to that in *Chambers*, we conclude that the result in that case compels us to reject the defendant's constitutional challenge to the Deerfield curfew ordinance.

■ The defendant refers us to two Federal decisions reaching a contrary result. (*Johnson v. City of Opelousas* (5th Cir. 1981), 658 F.2d 1065; *McCollester v. City of Keene* (D.N.H. 1984), 586 F. Supp. 1381.) While Federal court decisions may be persuasive authority, the State appellate court is bound by the decision of the State supreme court in the absence of contrary authority by the United States Supreme Court. (*Brazinski v. Transport Service Co.* (1987), 159 Ill. App. 3d 1061, 1066, 513 N.E.2d 76, 80.) Similarly, the defendant's reliance on the dissenting opinion in the United States Supreme Court's denial of *certiorari* in *Bykofsky v. Borough of Middletown* (M.D. Penn. 1975), 401 F. Supp. 1242, *aff'd* (3d Cir. 1976), 535 F.2d 1245, *cert. denied* (1976), 429 U.S. 964, 50 L. Ed. 2d 333, 97 S. Ct. 394 (Marshall, J., dissenting) is also insufficient to counter the direct precedent set in *People v. Chambers*. Therefore, we conclude that there are no constitutional grounds upon which to set aside the defendant's conviction.

The judgment of the trial court is affirmed.

Affirmed.

McLAREN and WOODWARD, JJ., concur.