665 So.2d 252 (1995)
METROPOLITAN DADE COUNTY, a political subdivision of the State of Florida, Appellant,
v.
Stanley PRED, individually, and as natural guardian of David Pred, a minor; Eugene H. Leonard, as natural guardian of Jordan Leonard, a minor; Geraldine Reid, as natural guardian of Quintasha Patterson, a minor; and Marcia Morgado, as natural guardian of Alejandra Fernandez, a minor, Appellees.
No. 94-2595.
District Court of Appeal of Florida, Third District.
November 1, 1995.
Rehearing Denied January 17, 1996.
*253 Robert A. Ginsburg, Dade County Attorney, and Roy Wood, Assistant County Attorney, for appellant.
Andrew H. Kayton, ACLU Foundation of Florida, Inc.; Anderson, Moss, Parks & Sherouse and Robert L. Parks and Jeannete C. Lewis, Miami, for appellees.
Robert A. Butterworth, Attorney General, and Michael J. Neimand, Assistant Attorney General, for Metropolitan Dade County as amicus curiae.
Steel Hector & Davis and Eduardo I. Sanchez and Edwin G. Torres, Miami; Roger L. Conner and Robert Teir, Washington, D.C., for The American Alliance For Rights & Responsibilities, The Urban League of Greater Miami, and The African American Council of Christian Clergy, as amici curiae.
Before SCHWARTZ, C.J., and LEVY and GREEN, JJ.
PER CURIAM.
In January of 1994, the Dade County Commission enacted the "Dade County Juvenile Curfew Ordinance"[1] (hereinafter "Ordinance"). In February of 1994, the appellees brought an action against the County seeking to invalidate the Ordinance based on their contention that the Ordinance violated several of their rights under Article I of the Florida Constitution. The circuit court agreed and entered an Order finding the subject Ordinance unconstitutional under Article I of the Florida Constitution, specifically including Article I, Section 23. Accordingly, the trial court permanently enjoined the enforcement of the Ordinance. The County appeals this Order, arguing that the Ordinance under review does not violate any of the appellees' rights under the Florida Constitution. We agree with the County and hold that none of the legal challenges to the Ordinance advanced by the various appellees are meritorious.
As far as the arguments of the juvenile appellees are concerned, it has long been established that "the well-being of children is a subject within the state's constitutional power to regulate." Griffin v. State, 396 So.2d 152, 155 (Fla. 1981). Additionally, juveniles' rights "must be qualified by the recognition that juveniles, unlike adults, are always in some form of custody." Schall v. Martin, 467 U.S. 253, 265, 104 S.Ct. 2403, 2410, 81 L.Ed.2d 207 (1984). Accordingly, under both the Florida and United States Constitutions, children, due to their special nature and vulnerabilities, do not enjoy the same quantum or quality of rights as adults. Jones v. State, 640 So.2d 1084 (Fla. 1994); Bellotti v. Baird, 443 U.S. 622, 633, 99 S.Ct. 3035, 3042, 61 L.Ed.2d 797 (1979). Given this premise, we find that the Ordinance under review does not violate any alleged rights of minors under the Florida Constitution. Our view is consistent with the recent holding of the Fifth District Court of Appeal in Sansbury v. City of Orlando, 654 So.2d 965 (Fla. 5th DCA 1995) wherein that court, relying on the authority of Bellotti v. Baird, *254 443 U.S. 622, 99 S.Ct. 3035, 61 L.Ed.2d 797 (1979), and Jones v. State, 640 So.2d 1084 (Fla. 1994), affirmed a trial judge's order that denied a preliminary injunction[2] against the implementation of a curfew ordinance in the City of Orlando, Florida.
To the extent that it could be argued that the subject Ordinance violates any of the appellees' rights under the United States Constitution, we find that the Ordinance does not impermissibly impinge on any such rights. See Qutb v. Strauss, 11 F.3d 488 (5th Cir.1993), cert. denied sub nom. Qutb v. Bartlett, ___ U.S. ___, 114 S.Ct. 2134, 128 L.Ed.2d 864 (1994); Bykofsky v. Borough of Middletown, 401 F. Supp. 1242 (M.D.Pa. 1975), aff'd without opinion, 535 F.2d 1245 (3d Cir.), cert. denied, 429 U.S. 964, 97 S.Ct. 394, 50 L.Ed.2d 333 (1976); accord In re J.M., 768 P.2d 219 (Colo. 1989) (en banc); People v. Chambers, 66 Ill.2d 36, 4 Ill.Dec. 308, 360 N.E.2d 55 (Ill. 1976); Village of Deerfield v. Greenberg, 193 Ill. App.3d 215, 140 Ill.Dec. 530, 550 N.E.2d 12 (Ill. App.Ct. 1990); City of Panora v. Simmons, 445 N.W.2d 363 (Iowa 1989).
"If it appears that [an ordinance] does not violate the Federal or State Constitutions, then the legislative will is supreme and the duty of the court is to effectuate the policy of law as expressed in valid [ordinances]." Ideal Farms Drainage Dist. v. Certain Lands, 154 Fla. 554, 561-62, 19 So.2d 234, 238 (Fla. 1944) (Adams, J., concurring). Accordingly, having determined that the Ordinance does not violate any of the appellees' rights under either the Florida or United States Constitutions, we reverse the trial court's Order which found the subject Ordinance to be unconstitutional and which, furthermore, permanently enjoined the enforcement of the said Ordinance. We remand the case to the trial court with directions to vacate the injunction and to enter an appropriate disposition, in favor of the County, consistent herewith.
Reversed and remanded with directions.
NOTES
[1] Code of Metropolitan Dade County, Ord. 94-1 (1994).
[2] That injunction, as in the instant case, had been sought on grounds that included the contention that the ordinance violated Article I, Section 23, of the Florida Constitution.