COPE, Judge.
Dade County passed a comprehensive anti-graffiti ordinance, which forbids the sale to minors of spray paint cans and broadtipped markers (“jumbo markers”). The ordinance provides that minors can possess spray paint or jumbo markers on public property only if accompanied by a responsible adult. On private property, the minor must have the consent of the property owner, but need not be accompanied by an adult. It is a misdemean- or for a minor to possess spray paint or a jumbo marker without the required supervision or consent.
D.P. challenges the facial constitutionality of the provisions of the anti-graffiti ordinance that restrict minors’ possession of spray paint or jumbo markers. We conclude that the ordinance is constitutional and affirm the adjudication of delinquency.
I.
In 1994, Dade County enacted a comprehensive anti-graffiti ordinance. Dade County Ord. No. 94-199, codified as Metropolitan Dade County Code § 21-30.01. The ordinance prohibits the making of graffiti and establishes the responsibility of property owners to remove graffiti promptly. Metropolitan Dade County Code § 21-30.01(c),(d).
The ordinance prohibits the sale of spray paint or broad-tipped markers to minors. See id.- § 21-30.01(f)(l). A broad-tipped marker is an indelible felt tip. marker having a writing surface of one-half inch or greater. See id. § 21-30.01(a)(l). This is a so-called jumbo marker. The ordinance does not prohibit the possession of ordinary-sized felt tip markers.
Sellers of spray paint and jumbo markers are required to keep them in a place not accessible to the public, such as a locked display case. See id. § 21-30.01(f)(2)(III). Alternatively, the goods must be stored within sight of a work station which is continuously occupied while the store is open. See id. The rationale evidently is that graffiti artists frequently obtain spray paint and jumbo markers by shoplifting. See Sherwin-Williams Co. v. City and County of San Francisco, 857 F.Supp. 1355, 1361-62 (N.D.Cal.1994).
The ordinance makes it a misdemeanor to possess spray paint or jumbo markers with intent to make graffiti. See id. § 21-30.01(e)(1). That portion of the ordinance applies to all persons, be they adult or minor. See id.
The ordinance then sets forth special provisions pertaining to minors. Subdivision (e)(2) of the ordinance addresses possession of spray paint and jumbo markers by minors on public property, while subdivision (e)(3) addresses possession on private property:

*595
(e) Possession of Spray Paint and Markers

******
(2) Possession of spray paint and markers by minors on public property prohibited. No person under the age of eighteen (18) shall have in his or her possession any aerosol container or spray paint or broad-tipped indelible marker while on any public property, highway, street, alley or way except in the company of a supervising adult.
(3) Possession of spray paint and markers by minors on private property prohibited without consent of owner. No person under the age of eighteen (18) shall have in his or her possession any aerosol container of spray paint or broad-tipped indelible marker while on any private property unless the owner, agent, or manager, or person in possession of the property knows of the minor’s possession of the aerosol container or marker and has consented to the minor’s possession while on his or her property.
Id. § 21-30.01(e)(2)-(3).
A petition for delinquency was filed against D.P., alleging violations of subdivisions (e)(2) and (3). D.P. entered a plea of no contest, reserving the right to appeal the trial- court order holding the ordinance constitutional.
II.
D.P. argues that the ordinance violates the due process clauses of the state and federal constitutions because the ordinance imposes a criminal penalty for a minor’s possession of spray paint or jumbo markers without the State being required to show that the minor had any criminal intent. D.P. reasons that spray paint and jumbo markers are ordinary household items that have legitimate uses. D.P. urges, that it is impermissible for the County to criminalize simple possession of ordinary household objects.
D.P. suggests that in its attack on graffiti, the County has two viable alternatives. First, the County can impose a criminal penalty for possession of spray paint or jumbo markers with intent to make graffiti. The anti-graffiti ordinance already does this. See id. § 21-30.01(e).
Alternatively, D.P. states that the County could constitutionally place a total ban on possession and sale of spray paint and jumbo markers by anyone, adult or minor. This is an approach that was taken in the City of Chicago and was held constitutional. See National Paint & Coatings Association v. City of Chicago, 45 F.3d 1124, 1126 (7th Cir.1995). D.P. reasons that if spray paint and jumbo markers cannot legally be purchased or possessed by anyone, then there would be no such thing as innocent possession of spray paint or jumbo markers. It would follow, therefore, that a criminal penalty could be imposed for possession of the forbidden objects. D.P. reasons, however, that so long as spray paint and jumbo markers are available in households in Dade County (because spray paint and jumbo markers can be lawfully purchased by adults), it follows that the County cannot impose a criminal penalty on minors for possession of the same household objects.
A.
D.P: relies on a line of Florida eases that has struck down statutes and ordinances that have imposed a criminal penalty for ordinary innocent conduct.
In State v. Saiez, 489 So.2d 1125 (Fla.1986), the court struck down a statute which imposed a criminal penalty for the possession of credit card embossing machines, regardless of whether the machines were being used legitimately. See id. at 1126. The court explained that “the guarantee of due process requires that the means selected shall have a reasonable and substantial relation to the object sought to be attained and shall not be unreasonable, arbitrary, or capricious.” Id. at 1128 (citations omitted). The court concluded that “ ‘without evidence of criminal behavior, the prohibition of this conduct lacks any rational relation to the legislative purpose’ and ‘criminalizes activity that is otherwise inherently innocent.’ ” Id. at 1129 (citations omitted). The court added the caveat that “there are instances where the public interest may require the regulation or prohibition of innocent acts in order to reach *596 or secure enforcement of law against evil acts,” id. at 1129 n. 3 (citation omitted), but concluded that the public interest did not so require in this case. See id.
Other examples relied on by D.P. include Robinson v. State, 393 So.2d 1076, 1077 (Fla.1980) (invalidating statute prohibiting wearing of mask or hood because “this law is susceptible of application to entirely innocent activities ... so as to create prohibitions that completely lack any rational basis”); Foster v. State, 286 So.2d 549, 551 (Fla.1973) (prohibiting punishment of possession of a simple screwdriver as being a burglary tool, without any showing of criminal intent); Delmonico v. State, 155 So.2d 368, 369-71 (Fla.1963) (invalidating statute prohibiting possession of spear fishing equipment in fishing preserve when possession was permitted on each side of the preserve and boats often needed to traverse the preserve to reach waters where spear fishing was legal; “When there exist other methods by which violations can be detected, halted and penalized, then the confiscation of equipment or outlawing its possession goes beyond the bounds of ‘such reasonable interferences with the liberty of action of individuals as [is] really necessary to preserve and protect’ the public interest.”); State v. Walker, 444 So.2d 1137, 1138-41 (Fla. 2d DCA 1984) (invalidating statute which required prescription drugs to be kept in the container in which originally delivered because the statute “criminalizes activity that is otherwise inherently innocent. We do not believe that taking a lawfully prescribed medication from its original container and placing it in a different container, whether for convenience, dosage, or for some other personal reason, is criminal behavior.”); see also Wyche v. State, 619 So.2d 231, 233-37 (Fla.1993) (invalidating ordinance which prohibited “known prostitute” from engaging passersby in conversation or stopping or attempting to stop motor vehicles by hailing, waiving, or gesturing, because ordinance did not require proof of unlawful intent and could be used to punish entirely innocent activities).
On the other hand, the court has also said that “[a]cts innocent and innocuous in themselves may ... be prohibited, if this is practically made necessary to be done, in order to secure efficient enforcement of valid police regulations covering the same general field.” L. Maxcy, Inc. v. Mayo, 103 Fla. 552, 572-73, 139 So. 121, 129-30 (1932) (citations omitted).
Such inclusion must be reasonably required for the accomplishment of the legislative intent with respect to the ultimate object. It cannot be relied on to sustain a measure of prohibition so loosely or broadly drawn as to bring within its scope matters which are not properly subject to po^ lice regulations or prohibitions.
Id. at 573, 139 So. at 130 (citations omitted). In that case, the court upheld a statute which imposed a criminal penalty for use of arsenic spray on citrus trees, even though such sprays were harmless when used in small quantities and harmful only if used excessively. Id. at 573-77, 139 So. at 130-31. Given the magnitude of the hazard to the citrus crop, and the practical difficulty in monitoring the amount of arsenic spray being used by individual growers, the court upheld a blanket ban (and criminal penalty) for arsenic spray. See id.
B.
In our view, the anti-graffiti ordinance passes constitutional muster.
In the first place, this ordinance does not place an outright ban on possession of spray paint or jumbo markers by minors. The ordinance allows a minor to possess these items on public property, so long as the minor is accompanied by a responsible adult. See Metropolitan Dade County Code § 21-30.01(e)(2)., Possession is allowed on private property so long as the minor has the consent of the owner. Rather than imposing an outright ban, the ordinance simply requires that possession be with supervision.
Furthermore, the cases relied on by D.P. involve situations in which a statute or ordinance made it a crime for defendant to possess certain property (a credit card embossing machine, a mask, a screwdriver, spear fishing equipment) even though it was legal for the defendant to purchase the same property. In the present case, it is unlawful for a minor to purchase spray paint or jumbo *597 markers at all, and lawful to possess only if the minor is under supervision. '
D.P. concedes that the County could constitutionally pass an ordinance that totally banned all spray paint and jumbo markers. Under this approach, which was taken in Chicago, no one (adult or minor) could buy or possess spray paint or jumbo markers anywhere in Dade County. See National Paint & Coatings Association v. City of Chicago, 45 F.3d at 1126. If a total ban is permissible, then surely it is permissible to take the less extreme measure of prohibiting sales to minors and allowing possession only with supervision.[1]
D.P. suggests that it is impermissible to treat minors differently than adults. That suggestion is clearly incorrect. There are many activities that are legal for adults but prohibited to minors: drinking, and driving under legal age, being the most obvious examples. Some supervisory requirements apply to minors that do not apply to adults, such as compulsory school attendance and the curfew ordinance. See Metropolitan Dade County v. Pred, 665 So.2d 252, 253-54 (Fla. 3d DCA 1995), review denied, 676 So.2d 413 (Fla.1996) (curfew ordinance).
In the trial court order holding the ordinance to be constitutional, the Judge Petersen said:
Having considered the cases and authorities cited by the Juvenile, this Court finds that the analysis under the due process and equal protection provisions of the Florida Constitution do not differ in a manner that changes the result of this case from the analysis under ... the United States Constitution. Indeed, the eases cited by the Juvenile referred interchangeably to Florida and Federal due process and equal protection provisions. See State v. Saiez, 489 So.2d 1125 (Fla.1986).
No fundamental right is implicated in the possession of spray paint and jumbo markers. See National Paint & Coatings Association v. City of Chicago, 45 F.3d 1124 (1995) (“One could scan the most wild-eyed radical’s list of candidates for the status of fundamental rights without encountering spray paint.”), cert. denied, 515 U.S. 1143, 115 S.Ct. 2579, 132 L.Ed.2d 829 (1995). Nor is youth a suspect classification. White Egret Condominium, Inc. v. Franklin, 379 So.2d 346, 351 (Fla.1979) (“The law is now clear.that restriction of individual rights on the basis of age need not pass the strict scrutiny test, and therefore age is not a suspect class.”); Metropolitan Dade County v. Pred, 665 So.2d 252 (Fla. 3d DCA 1995)[, review denied, 676 So.2d 413 (Fla.1996) ]. (“[UJnder both the Florida and United States Constitution, children, due to their special nature and vulnerabilities, do not enjoy the same quantum or quality of rights as adults.”).
The Court’s review is therefore limited to the rational basis test. The rational basis test does not turn on whether this Court agrees or disagrees with the legislation at issue, and this Court will not attempt to impose oh a duly-elected legislative body his reservations about the wisdom of the subject ordinance. Instead, the rational basis test focuses narrowly on whether a legislative body could rationally believe that the legislation could achieve a legitimate government end. The end of controlling the blight of graffiti is obviously legitimate and the Juvenile does not challenge this fact.
In addition, a legislative body could rationally conclude that the subject prohibition of possession by minors of spray paint • and jumbo markers without supervision on public property or permission of the private-property owner would serve to control and limit incidences of graffiti. Indeed, the prohibition at issue is less restrictive than the prohibitions on spray paint and jumbo markers upheld in National Paint. The Court notes that juveniles can avoid the restrictions at issue by using markers less than one-half inch in [writing surface] or markers that contain water-soluble ink.
*598 For the above reasons, the Court finds that the challenged graffiti ordinance does not offend the due -process or equal protection provisions of either the Florida or Federal Constitutions. Accordingly, the Juvenile’s Motion to Dismiss is denied.
We concur with the trial court’s ruling that the statute is constitutional.
Affirmed.
SORONDO, J., concurs.

. The trial court noted that based on anecdotal evidence, the graffiti problem appeared to be concentrated in the fifteen-, sixteen-, and possibly seventeen-year-old age group. See also Sher-win — Williams Co. v. City & County of San Francisco, 857 F.Supp. at 1360 (suggesting age range from twelve to twenty).