SCHWARTZ, Chief Judge.
After the juvenile respondent entered a nolo plea to possessing spray paint cans, in violation of Miami Dade County Code, section 21-30.01(g) (1997), see D.P. v. State, 705 So.2d 593 (Fla. 3d DCA 1997), the trial court found him guilty but, noting that he had already spent a night in juvenile detention (which had had an appropriately sobering effect upon him), withheld adjudication and issued only a judicial warning against him. The state appeals from this disposition because, it claims, it did not conform to what it states are the “minimum mandatory” requirements of the ordinance that such a violation must be punished by a “term in jail,” a fíne, or both.[1] We find, however, that by, in effect, crediting the juvenile for “time served” in detention,[2] the court satisfied the alleged jail time requirement. See L.K v. State, 729 So.2d 1011 (Fla. 4th DCA 1999); Gainer v. State, 693 So.2d 719, 720 (Fla. 3d DCA 1997); E.R. v. State, 584 So.2d 158 (Fla. 2d DCA 1991). This holding makes it unnecessary[3] for us to reach the varied and difficult issues surrounding the effect of the sentencing aspect of the ordinance provision on juvenile cases, including the constitutional validity and applicability of Chapter 98-93, section 1, Laws of Florida (1998), creating section 806.13(7), Florida Statutes (Supp.1998), which purports to require that juvenile dispositions conform to such a prescription.[4] It is not inappropriate to suggest, *959 however, that we would resist any view of the law which interferes with the right and duty of juvenile judges to render such appropriate dispositions concerning the particular child and situation before him as the thoughtful decision in this case.
Affirmed.

. Miami-Dade County Code, Section 21-30.01(g)(4)(1997), provides:
Any person violating ibis subsection (g)(1), (2) or (3) shall be punished by a fine of two hundred and fifty dollars ($250.00) for a first offense, and five hundred dollars ($500.00) for a second offense and one thousand dollars ($1,000.00) for each subsequent offense, or by imprisonment in the County Jail for a term not to exceed sixty (60) days, or by both fine and imprisonment in the discretion of the court.

. We note that section 985.231, Florida Statutes (1997), precludes imprisoning a juvenile in county jail.

. Luckily.

. Section 806.13(7), Florida Statutes (Supp. 1998), provides:
Because of the difficulty of confronting the blight of graffiti, it is the intent of the Legislature that municipalities and counties not be preempted by state law from establishing ordinances that prohibit the marking of graffiti or other graffiti-related offenses. Furthermore, as related to graffiti, such municipalities and counties are not preempted by state law from establishing higher penalties than those provided by state law and mandatory penalties when state law provides discretionary penalties. Such higher and mandatory penalties include fines that do not exceed the amount specified in ss. 125.69 and 162.21, community service, restitution, and forfeiture. Upon a finding that a juvenile has violated a graffiti-related ordinance, a court acting under chapter 985 may not provide a disposition of the case which is less severe than any mandatory penalty prescribed by municipal or county ordinance for such violation, [e.s.]
Among other things, the appellee presents a compelling argument that the enactment of this provision violated Article III, Section 6 of the Florida Constitution. See City of St. Pe *959 tersburg v. English, 54 Fla. 585, 45 So. 483 (1907).